IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY HARRIS, | : | CIVIL NO. 1:CV-06-0934 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | |

**MEMORANDUM and ORDER**

**I.   Background**

Terry Harris filed this civil rights action pursuant to 42 U.S.C. § 1983 while an inmate confined at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania. He is currently confined at the Adams County Adult Correctional Facility ("ACACF"), Gettysburg, Pennsylvania. Plaintiff submitted a motion requesting leave to proceed in forma pauperis in this case (Doc. 2) and a prisoner authorization form (Doc. 8).[1] Named as Defendants are twenty-four (24) employees of the Department of Corrections, the majority of which work at either SCI-Mahanoy or SCI-Camp Hill. In the complaint, Plaintiff raises claims of inadequate medical care, denial of due process in a disciplinary hearing and denial of access to the courts. The complaint is presently before the court for screening. Also pending is Plaintiff's motion for appointment of counsel (Doc. 10). For the reasons that follow, the motion for counsel will be denied without prejudice. In addition, service of the complaint will be directed, but only with respect to the Eighth Amendment medical claims. The remaining claims will be dismissed pursuant

---

[1] On May 15, 2006, an Administrative Order was issued directing the warden at Plaintiff's place of confinement to commence deducting the full filing fee from his prison trust fund account. (Doc. 9.)

to 42 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision.

## II.  Discussion

### A.  Screening of Complaint - Three Strikes Provision

The Prison Litigation Reform Act of 1996 (PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes"rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under in forma pauperis, requiring the inmates to pay the full filing fee prior to commencing suit.

There is no question that Plaintiff has filed no less than four (4) civil actions in this Court since 1996. All of these actions were dismissed on grounds that they were frivolous or failed to state a claim upon which relief may be granted. See Harris v. Merwede, Civil No. 3:96-CV-1820 (M.D. Pa. Nov. 26, 1996) (Vanaskie, J.)(frivolous); Harris v. Kuhn, Civil No. 3:98-CV-0888 (M.D. Pa. Dec. 14, 1998) (Kane, J.) (frivolous); Harris v. Duran, Civil No. 1:98-CV-1908 (M.D. Pa. Mar. 24, 2000) (Kane, J.) (failure to state a claim); Harris v. Duran, Civil No. 1:03-CV-1051 (M.D. Pa. Aug. 19, 2004) (Conner, J.)(frivolous). On June 15, 2006, a subsequent civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983 was dismissed by this Court pursuant to the three strikes provision, 28 U.S.C. § 1915(g). See Harris v. Hankey, Civil No. 1:06-CV-0718.

In the instant complaint, Plaintiff alleges that stemming back to June of 2002, he has been suffering from chronic back pain associated with a work-related injury. Following his incarceration,

2

he states that he suffered two (2) falls at the Adams County Adult Correctional Facility in June and August of 2003. Due to his injuries, he received medical treatment as well as tests, physical therapy and a cane. In January of 2004, he was transferred to SCI-Camp Hill and, on August 20, 2004, again suffered a fall. As a result of the fall, Plaintiff reinjured his back, shoulder and neck, and began to suffer severe migraines. From this point on, during his incarceration at SCI-Camp Hill, as well as his subsequent transfer to SCI-Mahanoy, Defendants have allegedly deprived him of medical treatment for his injuries, all resulting in immense pain and worsening his condition. He further claims that he has been deprived of his cane and "lower tier/lower bunk" status that he states are documented in his prison files. Also set forth in the complaint are claims of denial of access to the courts, denial of due process at a disciplinary hearing and harassment.

Plaintiff does not appear to challenge the fact that he has "three strikes." However, he states that based upon the foregoing allegations, he is clearly under "imminent danger of serious physical injury." In addressing the "imminent danger" exception to § 1915(g)'s "three strikes" rule, the Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), cert. denied, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). The allegations of imminent danger must be construed liberally in favor of the plaintiff. See Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998).

After reviewing the complaint, the Court is of the opinion that Plaintiff's allegations of inadequate medical care satisfy the threshold criterion of the imminent danger exception of 28

U.S.C. § 1915(g). He contends that in addition to the pain he suffers and the medications he is denied, he is forced to walk long distances without his cane, climb up and down stairs from the upper tier and sleep in an upper bunk. Based upon the allegations as set forth, it cannot be found that Plaintiff is not under imminent danger of serious physical injury. As such, Plaintiff will be permitted to proceed in forma pauperis with regard to his medical claims only. All of the remaining claims will be dismissed pursuant to § 1915(g) as they do not fall within the "imminent danger" exception. Service of the complaint will be directed upon the defendants but only with regard to the medical claims.

   B. Motion for appointment of counsel

Pending is Plaintiff's motion for the appointment of counsel (Doc. 10) and supporting brief. In the motion he states that he is unable to afford counsel, the case involves complicated issues, he has limited access to the law library and limited knowledge of the law. He also claims that the case will involve discovery and depositions. He states that he only possesses a G.E.D. education and a few college credits.

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and

4

legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. This case is still in the early stage. Service has not even yet been directed. In addition, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and,

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Plaintiff is no stranger to this Court and the record gives every indication that he has the capability, at least at this point, to litigate this action without the assistance of counsel. While Plaintiff argues that counsel is needed to assist him in preparing for trial in this case through the conducting of discovery and depositions, any such concern is premature at this juncture. The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand. While Plaintiff states that he has limited access to the law library, he clearly does have some opportunity to visit the library. As such, the pending motion for appointment of counsel will be denied at this time, but without prejudice. Should future proceedings

demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

### III. Order

**AND NOW,** this 30th day of January, 2007, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. All claims in the complaint, with the exception of the Eighth Amendment medical care claims, are dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(g). The standing complaint will consist of and proceed only with respect to the medical claims.

2. The Clerk of Court is directed to forward Plaintiff's complaint (Doc. 1), along with a copy of this Order, to the United States Marshal's Service for service upon the Defendants named therein.

3. Plaintiff's motion for appointment of counsel (Doc. 10) is denied without prejudice.

>  s/ Yvette Kane
>  YVETTE KANE, Chief Judge
>  Middle District of Pennsylvania